IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GRACE HARDY, | § | |
| | § | |
| *Plaintiff,* | § | SA-21-CV-00815-ESC |
| | § | |
| vs. | § | |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| *Defendant.* | § | |

# ORDER

This order concerns Plaintiff Grace Hardy's request for review of the administrative denial of her application for social security income ("SSI") under Title XVI. 42 U.S.C. §§ 405(g), 1383(c)(3). This Court has jurisdiction to review a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The undersigned has authority to enter this Order pursuant to 28 U.S.C. § 636(c)(1), as all parties have consented to the jurisdiction of a United States Magistrate Judge [#12, #19, #20].

After considering Plaintiff's Opening Brief [#14], Defendant's Brief in Support of the Commissioner's Decision [#16], Plaintiff's Reply Brief [#22], the transcript ("Tr.") of the Social Security Administration proceedings [#11], the other pleadings on file, the applicable case authority and relevant statutory and regulatory provisions, the parties' oral arguments at the Court's hearing, and the entire record in this matter, the Court concludes that the Administrative Law Judge committed reversible error in failing to resolve a conflict between the testimony of the Vocational Expert at Plaintiff's administrative hearing and the Dictionary of Occupational Titles. As a result, the Commissioner failed to satisfy her burden to demonstrate that Plaintiff is

capable of performing other work in the national economy despite her identified limitations. The undersigned will therefore **VACATE** the Commissioner's decision finding Plaintiff not disabled and **REMAND** this case for further proceedings consistent with this opinion.

## I.  Legal Standards

In determining if a claimant is disabled, the Commissioner uses a sequential, five-step approach, which considers whether: (1) the claimant is currently engaged in substantial gainful activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). If the claimant gets past the first four stages, then the burden shifts to the Commissioner on the fifth step to prove the claimant's employability. *Id.* A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

In reviewing the denial of benefits, the Court is limited to a determination of whether the Commissioner, through the administrative law judge's decision,[1] applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164

---

[1] In this case, because the Appeals Council declined to review the ALJ's decision, the decision of the ALJ constitutes the final decision of the Commissioner, and the ALJ's factual findings and legal conclusions are imputed to the Commissioner. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005); *Harris v. Apfel*, 209 F.3d 413, 414 (5th Cir. 2000).

(5th Cir. 1983)). The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence and credibility assessments are for the Commissioner, not the Court, to resolve. *Id.* While substantial deference is afforded the Commissioner's factual findings, the Commissioner's legal conclusions, and claims of procedural error, are reviewed *de novo*. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

## II. Factual and Procedural Background

Plaintiff Grace Hardy filed her application for SSI on June 15, 2020, alleging disability beginning September 1, 2019. (Tr. 151–60.) At the time of her SSI application, Hardy was 32 years old with an Associate Degree in Graphic Design and work experience as a restaurant cashier and waiter, pizza maker, and childcare provider. (Tr. 39, 49, 52, 195.) The related medical conditions upon which Hardy based her initial SSI application were obsessive-compulsive disorder, insomnia, borderline-personality disorder, post-traumatic stress disorder, generalized anxiety disorder, and bipolar disorder. (Tr. 194.) An Adult Function Report completed by Hardy's mother in support of her application explained that Hardy is unable to maintain employment due to severe panic attacks, severe anxiety when interacting with others, confusion about job responsibilities and expectations, and manic washing of her hands due to fears regarding contamination. (Tr. 202–05.) Hardy's application was denied initially on August 6, 2020, and again upon reconsideration on August 20, 2020. (Tr. 62–72, 73–84.)

Following the denial of her claim, Hardy requested an administrative hearing. Hardy and her non-attorney representative attended the administrative hearing before ALJ Jonathan P. Blucher on March 16, 2021. (Tr. 30–61.) Hardy and VE Jeffrey T. Kiel provided testimony at the hearing. (*Id.*) Hardy testified at the hearing that she suffers from overwhelming anxiety and

panic; experiences uncontrollable, disturbing, and violent thoughts; and engages in obsessive-compulsive handwashing 100 times a day to manage her anxiety. (Tr. 37–49.) The VE testified that Hardy has no past relevant work, but that a hypothetical individual with Hardy's age, education, and experience with the ability to follow "short and simple instructions, not detailed instructions, not complex instructions" (among other abilities and limitations) could perform the work of a document preparer/microfilming, stuffer, and polisher. (Tr. 52–55.)

Relying on the VE testimony regarding Hardy's employability, the ALJ issued an unfavorable decision on April 15, 2021. (Tr. 13–25.) The ALJ found that Hardy met the insured-status requirements of the SSA and applied the five-step sequential analysis required by SSA regulations. At step one of the analysis, the ALJ found that Hardy has not engaged in substantial gainful activity since June 15, 2020, the date of her SSI application. (Tr. 15.) At step two, the ALJ found Hardy to have the severe impairments of depression, anxiety, post-traumatic stress disorder, obsessive compulsive disorder, bipolar disorder, and borderline personality disorder. (Tr. 15–16.) At step three, the ALJ found that Hardy's impairments do not meet or medically equal the severity of one of the listed impairments in the applicable Social Security regulations so as to render Hardy presumptively disabled. (Tr. 16–18.)

Before reaching step four of the analysis, the ALJ found Hardy retains the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 416.967(c), meaning Hardy can lift and/or carry 50 pounds occasionally and 25 pounds frequently and can frequently, stand, walk, and sit about six hours in an eight-hour workday. (Tr. 18.) However, the ALJ limited Hardy to less than occasional interaction with coworkers and supervisors; limited her to "understanding, remembering, and carrying out only short and simple instructions (no detailed and no complex tasks)"; and dictated that she not be subjected to substantial changes

in the work environment.  (Tr. 18–23.)  At step four, the ALJ found that Hardy's work experience did not constitute past relevant work.  (Tr. 23.)

At step five, the ALJ concluded, consistent with the VE's testimony, that, considering Hardy's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, such as document preparer/microfilming, stuffer, and polisher.  (Tr. 23–25.)  Accordingly, the ALJ determined that Hardy was not disabled for purposes of the Act, and therefore not entitled to receive SSI.  (Tr. 25.)

Hardy requested review of the ALJ's decision, but her request for review was denied by the Appeals Council on July 15, 2021.  (Tr. 1–6.)  On August 28, 2021, Hardy filed the instant case, seeking review of the administrative determination.

### III.  Analysis

Hardy argues the ALJ committed reversible legal error by failing to resolve a conflict between the VE's testimony at the administrative hearing as to Hardy's ability to perform certain jobs in the national economy and the requirements for those jobs as set forth in the Dictionary of Occupational Titles (DOT).  The Court agrees.  Because the ALJ's hypothetical posed to the VE limited Hardy to work involving only short and simple instructions, and expressly dictated that Hardy was unable to follow detailed or complex instructions, the VE's testimony that Hardy could perform jobs requiring the ability to follow detailed instructions directly conflicts with the DOT.  The ALJ failed to identify, explore, or resolve this conflict by eliciting additional testimony from the VE and/or explaining the basis for his finding that, despite the conflict, Hardy could perform the identified jobs.  Therefore, the Commissioner failed to satisfy her step five burden to identify jobs that exist in significant numbers in the national economy that Hardy

is capable of performing and there is not substantial evidence to support the ultimate finding of non-disability. Because this case must be remanded to address the ALJ's error at step five, the Court need not consider Hardy's other issue on appeal—whether the ALJ and Appeals Council Judges were properly appointed under the Federal Vacancies Reform Act, 5 U.S.C. § 3346(a).[2]

A.     **There is a conflict between the VE's testimony and the DOT.**

Hardy argues that there is an unresolved conflict between the VE's testimony at the administrative hearing regarding the jobs Hardy is able to perform and the DOT description of those jobs. In the hypothetical presented to the VE regarding Hardy's ability to perform other work in the national economy, the ALJ asked:

> If I have an individual of the claimant's age, education, and experience capable of medium work, lifting and carrying 50 pounds occasionally and 25 pounds frequently; standing, walking and sitting six hours each in an eight-hour workday and the individual is also capable of light and sedentary work given her age . . . , less than a full range of occasional interaction with others . . . , *[s]hort and simple instructions, not detailed instructions, not complex instructions*. And I need a job without substantial changes in the work environment that might be a repetitive job, but I'm not sure if it has to be. . . . Are there jobs that exist in significant numbers in the national economy for such an individual?

(Tr. 52 (emphasis added).) In response, the VE testified that such an individual could perform the work of the following jobs identified in the DOT: document preparer/microfilming (DOT 249.587-018), which is an unskilled, sedentary position with a "Specific Vocational Preparation" (SVP) of 2 and approximately 82,400 jobs nationally; stuffer (DOT 731.685-014), which is an unskilled, sedentary position with an SVP of 2 and approximately 24,000 jobs nationally; and polisher (DOT 713.687-038), which is also a sedentary, unskilled position with an SVP of 2 and approximately 29,000 jobs nationally. (Tr. 52–55.) The DOT defines Specific Vocational

---

[2]   Hardy raised a third issue in her opening brief—whether the Commissioner's appointment violates the Constitution's mandate of separation of powers. However, Hardy abandoned this issue at the Court's hearing.

Preparation as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."  Dictionary of Occupational Titles, App'x C, 1991 WL 688702 (Jan. 1, 2016).  An SVP of 2 requires "anything beyond short demonstration up to and including 1 month" to master performance of the job in question.  *Id.*

Although not discussed in the VE's exchange with the ALJ, each of these jobs also has a corresponding "Reasoning Level," which is distinct from the SVP (skill level of an occupation) and instead identifies "the reasoning capabilities that the occupation requires for its execution."  *Hardin v. Astrue*, No. 3:10-CV-1343-B BH, 2011 WL 1630902, at *8 n.5 (N.D. Tex. Mar. 31, 2011), *report and recommendation adopted*, 2011 WL 1633132 (N.D. Tex. Apr. 29, 2011).  The DOT identifies six distinct reasoning levels.  A Reasoning Level of 1, for example, requires the application of "commonsense understanding to carry out simple one- to two- step instructions" and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job."  Dictionary of Occupational Titles, App'x C, 1991 WL 688702.  The stuffer and polisher jobs identified by the VE each have a Reasoning Level of 2, which requires the application of "commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations."  *Id.*  The document preparer/microfilming position has a Reasoning Level of 3.  The DOT defines a Reasoning Level of 3 as requiring the application of "commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized solutions."  *Id.*

Hardy argues that the VE's testimony that she has the ability to perform the work of a document preparer, stuffer, and polisher conflicts with the DOT's Reasoning Levels for these positions, because the ALJ limited her RFC to "[s]hort and simple instructions, not detailed instructions, not complex instructions" in the hypothetical posed to the VE. The Commissioner conceded at oral argument that the VE's testimony regarding Hardy's ability to perform the document preparer position with a Reasoning Level of 3 conflicts with the DOT.[3] But the Commissioner maintains there is no inconsistency between a limitation to simple work and jobs listed in the DOT at Reasoning Level 2 and that these jobs on their own constitute sufficient work in the national economy, so there is no error.

Only one Circuit Court of Appeals has directly held that the limitation to simple instructions, as here, is in conflict with the DOT's requirement of a Reasoning Level of 2, and Hardy asks the Court to follow the reasoning of this case. *See Thomas v. Berryhill*, 916 F.3d 307, 313–14 (4th Cir. 2019) (finding conflict between a limitation to short, simple instructions and the ability to carry out "detailed but uninvolved instructions" per the requirements for a Reasoning Level of 2). Hardy also directs the Court to a recent decision of a district court in the Western District of Texas finding a conflict between a limitation to "simple jobs that are not detailed or complex jobs" and a Reasoning Level of 2. *See Martin v. Saul*, No. 5-19-CV-00573-FB-RBF, 2020 WL 4382133, at *4–5 (W.D. Tex. July 30, 2020), *report and recommendation adopted* (Aug. 17, 2020). The district court in *Martin* identified the conflict as this: "Can someone who is not able to perform a detailed job be expected to perform a job that requires

---

[3] The Court notes that the Circuit Courts of Appeals have repeatedly considered various alleged conflicts between limitations to simple work, instructions, or tasks and a Reasoning Level of 3, and the majority have found there to be a conflict potentially requiring remand. *See Viverette v. Commissioner*, 13 F.4th 1309, 1315–17 (joining the Fourth, Ninth, and Tenth Circuits in finding such conflict and collecting cases). The Fifth Circuit has yet to rule on this issue.

carrying out detailed instructions?" *Id.* at *5. Yet in *Martin* the limitation was to simple *jobs*, whereas in this case, the limitation is to simple *instructions.* In *Martin*, there was no additional limitation specifically excluding the ability to follow "detailed instructions" like the ALJ posited in this case. Thus, the conflict in this case between the VE testimony and the DOT is even more stark than the conflict identified in *Martin*.

"[A] job rated reasoning level two requires the ability to understand and carry out *detailed instructions*." *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997) (emphasis added). The ALJ limited Hardy to short and simple instructions and specified that Hardy could not follow "detailed instructions" or "complex instructions" in describing her limitations to the VE. (Tr. 52.) The VE's testimony that Hardy could perform the jobs of stuffer and polisher, both of which require the ability to carry out "detailed" instructions, conflicts with the DOT's requirements for these positions.

**B.    The ALJ erred in failing to identify and resolve this conflict.**

Courts in the Fifth Circuit have used a variety of labels to describe conflicts between VE testimony and the DOT, such as a "direct, obvious, or apparent conflict" on the one hand and a "tangential, implied, or indirect conflict" on the other. *See Martin*, 2020 WL 4382133, at *4 (discussing the diverse nomenclature for RFC and DOT conflicts). These various terms stem from precedent holding that if the conflict is merely tangential, implied, or indirect, then the ALJ "may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so." *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). In contrast, the Social Security regulations specifically require an explanation from the ALJ resolving the conflict if the conflict is an apparent or direct one. Policy Interpretation Ruling: Titles II & XVI: Use of

9

Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions, SSR 00-4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000).

As other courts have noted, the problem with these rules, which attempt to categorize conflicts, is that it is difficult to "draw[] a meaningful distinction between or differentiate[] in any kind of principled way between direct, tangential, apparent, indirect, implied, and obvious conflicts." *Martin*, 2020 WL 4382133, at *4. The Fifth Circuit has defined a "direct" and "obvious" conflict as one where "the vocational expert's characterization of the exertional or skill level required for a particular job is facially different from the exertional or skill level provided for that job in the DOT." *Carey*, 230 F.3d at 145–46. Stated another way, a direct and obvious type of conflict exists where the VE testifies "that a particular job requires a particular exertional or skill level, when the DOT expressly provides that the job requires a different exertional level." *Id.* at 144 n.2. Indirect, implied, or tangential conflicts, in contrast, may require some additional inferential step between the identified limitations and the alleged inconsistency with the DOT.

Here, the VE testified that Hardy could not follow detailed instructions, and the DOT requires the ability to follow detailed instructions for jobs with a Reasoning Level of 2. In light of this apparent, direct, or obvious conflict, SSR 00-4p controls and imposes an affirmative duty on the ALJ to resolve the conflict. The ALJ erred in failing to explain why Hardy is able to perform the jobs of a stuffer and a polisher despite her inability to follow detailed instructions and the classification of these two jobs as requiring this level of skill.

Thus, per the Social Security Administration's own regulations, the ALJ was required to "elicit a reasonable explanation for the conflict before relying on the VE evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL

1898704, at *2.  "Neither the DOT nor the VE . . . evidence automatically 'trumps' when there is a conflict.  The adjudicator must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . testimony rather than on the DOT information." *Id.*  The ALJ failed to do so here.

The Commissioner attempts to argue that this duty was satisfied by the ALJ, when the ALJ asked the VE generally if his testimony was consistent with the DOT.  (Tr. 56.)  The Court rejects this argument.  A generic question regarding the consistency of the VE's testimony does not satisfy the Commissioner's burden to determine if the VE's testimony that Hardy could perform jobs requiring the ability to follow detailed instructions was reasonable in light of Hardy's highlighted inability to follow detailed instructions.  If the Court were to endorse the Commissioner's reasoning, it would all but obliterate the requirements of SSR 00-4p.  As Hardy points out, either the VE's response affirming the consistency of his testimony reveals that the VE incorrectly believed the ALJ's proposed reasoning limitations were consistent with the DOT reasoning levels for the stuffer and polisher positions, or the VE did not consider the ALJ's explicit limitations to "short and simple instructions" and "not detailed instructions" when identifying jobs Hardy could perform.  Neither satisfies the Commissioner's obligations under the governing regulations.

The Court also rejects the Commissioner's alternative argument that any conflict between the VE testimony on Hardy's limitations and abilities and the DOT is merely potential, tangential, or indirect, and does not implicate SSR 00-4p.  This argument rests on the recognition that not all jobs require the full reasoning level set forth in the DOT, as reasoning levels define the "upper limit across all jobs in the occupational category, not a requirement of every job within the category." *Ambriz v. Kijakazi*, 5-20-CV-00727-RBF, 2022 WL 855987, at *4 (W.D.

Tex. Mar. 23, 2022) (quoting *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010)).  The Commissioner contends that the jobs of stuffer and polisher are unskilled and are consistent with Hardy's limitation to simple instructions.  This argument also goes too far, asking the Court to layer multiple inferences as to the VE's reasoning that are not supported by the record.  The Court rejects the argument of the Commissioner that because the specific jobs identified by the VE may not necessarily require the full reasoning level set forth in the DOT, there is no conflict.

Moreover, even if the Court did find the conflict here to be indirect, implied, or tangential, the Court would still find error.  In such cases, there still must be an "adequate basis" in the record for reliance on the VE testimony, in spite of the conflict.  *See Carey*, 230 F.3d at 146.  The Commissioner fails to identify any basis in the record for her assertion that Hardy can follow detailed instructions when working despite being unable to follow detailed instructions.  The only opinion in Hardy's medical records on her mental limitations, that of the State Agency Medical Consultant, found Hardy to have a marked limitation in her ability to carry out detailed instructions.  (Tr. 68.)  The record does not provide any evidence that could reconcile the inconsistency between Hardy's limitations as identified by the ALJ and the reasoning levels required to perform the jobs identified by the VE according to the DOT.

Finally, the Court declines to find that Hardy forfeited this point of error by failing to raise it at the administrative hearing.  The Commissioner did not directly raise the argument of waiver or forfeiture in her brief but, during the oral argument in this Court, did accuse Hardy generally of failing to elicit testimony regarding purported conflicts during the hearing in front of the ALJ.  SSR 00-4p places an affirmative obligation on the Commissioner to elicit such testimony, not the claimant.  "[I]t is difficult to understand how [Hardy] forfeits error involving a significant conflict or problem with the record (not a minuscule, tangential one) by failing to

demand that the ALJ act consistent with the Commissioner's own Rulings and both identify and solve conflicts and fully develop the record." *Martin*, 2020 WL 4382133, at *8; *see also Romine v. Barnhart*, 454 F. Supp. 2d 623, 630 (E.D. Tex. 2006) (noting that district courts "should proceed cautiously" in finding forfeiture of a "facial and apparent" conflict because the burden at step five is on the Commissioner). In summary, there is no forfeiture of this issue, and the Commissioner erred in failing to elicit testimony resolving the conflict between Hardy's inability to follow detailed instructions and the VE testimony that she could perform other work in the national economy requiring a Reasoning Level specifically requiring the ability to follow detailed instructions.

**C.     This error was not harmless and requires remand.**

The ALJ's failure to reconcile the conflict at issue resulted in reversible error. The Commissioner found Hardy to be not disabled on the basis that she could perform other work in the national economy, specifically the jobs of a stuffer, polisher, and document preparer. (Tr. 23–25.) This step five determination relied directly on the VE testimony creating the conflict. As the court found in *Martin*, prejudice under such circumstances is "self-evident" because there is no way to determine whether the DOT or the VE's testimony should control. *Martin*, 2020 WL 4382133, at *6. If the DOT prevails, then Hardy is unqualified for the jobs identified by the VE at the hearing, the ALJ in his opinion, and the Commissioner in her ultimate determination of non-disability. In light of the absence of any explanation as to why Hardy can perform the identified jobs despite her limitations, the Commissioner has not satisfied her burden to show that a significant number of jobs exist in the national economy that Hardy can perform. *See Eaves v. Apfel*, 247 F.3d 240, at *2 (5th Cir. 2001) (remanding for an "appropriate exploration of the conflict" between the VE testimony and the DOT).

### IV.  Conclusion

Based on the foregoing, the Court finds that the ALJ erred in failing to address and resolve a conflict between the VE's testimony and the DOT, and therefore the Commissioner failed to satisfy her burden to demonstrate that Hardy can perform other work in the national economy.  Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision finding that Hardy is not disabled is **VACATED** and this case **REMANDED** for further fact-finding consistent with this opinion.

SIGNED this 12th day of October, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE